IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARL E. HUELSMAN,

                Plaintiff,        :        Case No. 3:13-cv-413

                                      District Judge Walter Herbert Rice
- vs -                            Magistrate Judge Michael R. Merz

WILLIAM R. GROSZ,

                Defendant.       :

**REPORT AND RECOMMENDATIONS; ORDER DENYING
JOINDER OF THE AMERICAN ARBITRATION ASSOCIATION**

      This case is before the Court on Motion to Dismiss of Defendant William R. Grosz (Doc.No. 4). Because Plaintiff is proceeding *pro se,* the Court advised him in writing of his obligation to file a memorandum in opposition not later than January 27, 2014 (Doc. No. 6, PageID 142). No such memorandum has been filed. Instead, Plaintiff filed a Motion for Joinder by Court Order (Doc. No. 8)

      The first branch of Defendant's Motion seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Complaint lists Plaintiff's address as 4340 Iddings Road in West Milton, Ohio, and Defendant's address as 3900 State Route 571, Troy, Ohio. Manifestly, there is not diversity of citizenship between the parties and thus no subject matter jurisdiction under 28 U.S.C. § 1332.

In the caption, Plaintiff says the action is brought pursuant to 26 U.S.C. § 7434. That section creates a cause of action by one person against another person who has filed a fraudulent information return with the Internal Revenue Service with respect to payments purportedly made to the first person. In other words, if person A filed a false W-2 form claiming to have paid wages to person B, person B could bring suit against person A for damages. Such a claim would arise under federal law and could be brought in federal court. However, despite the caption, no claims is made in the Complaint about any false IRS information return. Instead, the Complaint seeks to have this Court appoint an arbitrator between the parties. Thus there is no subject matter jurisdiction under the general federal question statute, 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).

Plaintiff may believe that by language in the corporate documents of Creative Construction Services LLC and Creative Construction Investments LLC the members of those corporations consented to federal court jurisdiction. However, subject matter jurisdiction cannot

be conferred on a federal court by consent. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986), *quoting Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

Because Plaintiff has not demonstrated that this Court has subject matter jurisdiction of this case, it should be dismissed without[1] prejudice for lack of subject matter jurisdiction. That dismissal will render moot the Fed. R. Civ. P. 12(b)(6) branch of Defendant's Motion.

In the Motion for Joinder, Plaintiff seeks a court order joining the American Arbitration Association as a party pursuant to Fed. R. Civ. P. 19. Plaintiff apparently believes this Court can obtain jurisdiction by adding the AAA as a party (See Doc. No. 8, PageID 148). The American Arbitration Association is not a party to the dispute between the persons already parties to this action; the fact that those parties named the AAA as a source of arbitrators in their corporate documents does not make the AAA a necessary party to this case. Instead, if this Court or any court were to compel arbitration of the dispute between the parties by the AAA, it would still be for those parties to submit the matter to the AAA pursuant to its rules. The Motion for Joinder is DENIED.

Because the law cited above is dispositive of this matter, the Magistrate Judge forebears consideration of Defendant's *res judicata* argument based on the final unappealed judgment in *Creative Construction Service, LLC v. Grosz*, Case No. 3:13-cv-397.

February 5, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] Defendant seeks dismissal with prejudice (Doc. No. 4, PageID 137). The Court cannot enter a dismissal with prejudice – i.e. on the merits – in a case in which it lacks subject matter jirisdction.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).